UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMRA OLIVER and JAY OLIVER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:17CV1556 JCH |
| ) | |
| SL WESTERN LOUNGE, LLC, ) | |
| d/b/a PBR ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant SL Western Lounge, LLC's Motion to Dismiss Count IV of Plaintiffs' Complaint, filed May 25, 2017. (ECF No. 7). The motion is fully briefed and ready for disposition.

By way of background, on or about April 13, 2017, Plaintiffs Tamra and Jay Oliver filed their Petition (hereinafter "Complaint" or "Compl.") in the Circuit Court of the City of St. Louis, Missouri. (ECF No. 5). Defendant SL Western Lounge, LLC removed the case to this Court on May 24, 2017, on the basis of diversity jurisdiction. (ECF No. 1).

In their Complaint Plaintiffs allege that on or before April 29, 2016, SL Western Lounge provided, maintained, and operated a "mechanical bull". (Compl., ¶ 5). Plaintiffs maintain that, among other acts or omissions, SL Western Lounge negligently failed to train its employees and staff, failed to inform Plaintiff Tamra Oliver of the possibility of an injury while approaching the mechanical bull, and failed properly to control the mechanical bull. (*Id.*, ¶ 8). As a result, Plaintiffs allege Tamra Oliver was "knocked into" by the mechanical bull and thrown into a fence, thereby sustaining injuries to her right cheek, left hand, jaw, right eye, eye socket and vision. (*Id.*, ¶¶ 9, 10).

Based on these allegations, Plaintiffs lodge the following claims against Defendants SL Western Lounge, LLC and John Doe[1]: Negligence, Punitive Damages, and Battery on behalf of Tamra Oliver (Counts I, III, and V); and Loss of Consortium and Punitive Damages on behalf of Jay Oliver (Counts II and IV).

As stated above, Defendant SL Western Lounge filed the instant Motion to Dismiss on May 25, 2017, asserting Plaintiff Jay Oliver's claim for punitive damages must be dismissed for failure to state a claim upon which relief can be granted. (ECF No. 7).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

---

[1] According to Plaintiffs, John Doe was an employee working on behalf of SL Western Lounge, and operating the mechanical bull that injured Tamra Oliver. (Compl., ¶ 7).

## DISCUSSION

In addition to his loss of consortium claim in Count II, in Count IV of the Complaint Plaintiff Jay Oliver seeks punitive damages. (Compl., ¶ 16). The Eighth Circuit considered such a claim in *Hale v. Firestone Tire & Rubber Co.*, 756 F.2d 1322 (8th Cir. 1985), noting that "[a]lthough there is no Missouri case on point[2], a majority of those jurisdictions which have considered this issue have rejected awards of punitive damages for loss of consortium." *Hale*, 756 F.2d at 1337. The Eighth Circuit continued to hold that punitive damages are not recoverable for loss of consortium, noting its conviction that Missouri courts would follow the cases so holding. (*Id.*). This Court will follow Eighth Circuit precedent, and dismiss Jay Oliver's punitive damages claim in Count IV of the Complaint. *See McConnell v. Commercial Carriers, Inc.*, No. 4:03CV253 RWS, 2011 WL 5325568 (E.D. Mo. Nov. 3, 2011).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant SL Western Lounge, LLC's Motion to Dismiss Count IV of Plaintiffs' Complaint (ECF No. 7) is **GRANTED**.

Dated this   11th   Day of July, 2017.

\s\   Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

2 Plaintiff's citation to *Stojkovic v. Weller*, 802 S.W.2d 152 (Mo. banc 1991) notwithstanding, the Court finds the parties here have been unable to identify any Missouri case law addressing whether a spouse may recover punitive damages for a loss of consortium claim.